UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN M. WADE, an individual; on behalf of
himself and all others similarly situated,

                    Plaintiff,                    **OPINION AND ORDER**

- v -

                                            CV-11-5672 (FB)(VVP)

ROSENTHAL, STEIN & ASSOCIATES,
LLC, et al.,

                    Defendants.
------------------------------------------------------------x

      The plaintiff has moved to amend the complaint in this action to add claims and parties. The initial complaint asserted claims on behalf of the plaintiff and a putative class against three defendants – Rosenthal, Stein & Associates, LLC, Sharisse Willliams, and National Credit Adjusters, LLC – for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (the "FDCPA"), arising from telephonic collection efforts made by the defendant Rosenthal, Stein from December 2010 to early April 2011. The proposed amended complaint seeks to expand the claims in the action in two ways. First, it seeks to assert claims under the FDCPA and several New York statutes arising from collection letters sent by the defendant National Credit Adjusters, LLC ("NCA") in January of 2011. Second, it seeks to add three individuals associated with NCA as defendants on all of the claims. See First Amended Class Action Complaint, annexed as Ex. A to Decl. of William F. Horn [DE 30], ("proposed amended complaint").

      Motions to amend before trial are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which directs the court to grant such motions freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, in determining whether amendment should

be permitted, "the district court has discretion to consider, inter alia, the apparent futility of amendment." *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile if the claim would be unable to withstand a Rule 12(b)(6) motion to dismiss," *Weich-Pulaski v. Wells Fargo Bank Minnesota, N.A.*, No. CV 09-1670, 2010 WL 5491113, at *2 (E.D.N.Y. Dec. 9, 2010) (*citing Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)), and the court applies the same analysis in determining futility as it does in deciding Rule 12(b)(6) motions, *see Weich-Pulaski*, 2010 WL at *2. Thus, the court accepts as true all factual allegations in the complaint, views the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in his favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). Conclusory allegations or conclusions of law "couched" as factual allegations, however, need not be accepted as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). As a result, mere labels, conclusions, and a "formulaic recitation of the elements of a cause of action" do not suffice to state a plausible claim. *Twombly*, 550 U.S. at 555.

      Applying the above principles, the court concludes below that the motion to amend should be denied as the claims proposed to be added by the amended complaint are futile. Leave to make a further motion is granted, however, with respect to some of the claims deemed defective in the proposed amended complaint.

I.     **THE NEW CLAIMS BASED ON THE JANUARY 2011 COLLECTION LETTERS**

The proposed amended complaint alleges that NCA sent three letters dated January 26, 2011 to the plaintiff in an effort to collect a debt denominated as the "Wade Obligation" in the proposed amended complaint. He alleges that the letters were all false, deceptive and misleading in a variety of ways, and therefore violated the FDCPA. He further alleges that certain of the false representations constituted deceptive practices in violation of section 349 of the New York General Business Law. Finally, he alleges that because the letters were an attempt to collect interest in excess of New York's usury limits they give rise to claims against the defendant NCA and the three individual defendants associated with NCA – Mark Fletchall, Kevin Emmerich, and Charles Hyter – under sections 5-501, 5-511 and 5-513 of the New York General Obligation Law.

A.     **The Statute of Limitations Bars The New Claims Under the FDCPA**

The FDCPA provides a one-year statute of limitations for actions seeking to redress violations of the Act. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter [i.e., the FDCPA] may be brought . . . within one year from the date on which the violation occurs."). The plaintiff first sought leave to amend the complaint by filing a letter seeking a premotion conference on May 29, 2012. [DE 19] Accordingly, the new claims based on violations arising from the three collection letters sent by NCA on January 26, 2011 fall outside the one-year limitations period. The plaintiff seeks to avoid that bar in two ways. He argues first that the new claims "relate back" to the claims in the original complaint, which was filed in November 2011, under Rule 15 of the Federal Rules of

Civil Procedure. Alternatively, he argues that principles of equitable tolling excuse any late filing of his claims based on the January 2011 letters.

> Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part,
>
> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B). The plaintiff argues that the claims arising from the three collection letters arise from the "conduct, transaction, or occurrence set out" in the original complaint because they all involve efforts to collect the same debt. That is not enough. The conduct, transactions and occurrences pleaded in the original complaint are all efforts to collect the debt by telephone calls made by the defendants Rosenthal, Stein and Williams.[1] That conduct differs in kind from NCA's efforts to collect the debt by sending letters. The manner in which the letters are alleged to constitute violations of the FDCPA also differs from the manner in which the telephone calls are alleged to have violated the FDCPA. Indeed, it is the plaintiff's theory that the sending of the letters is separate conduct that gives rise to additional claims separate from those based on the telephone calls. As the operative facts giving rise to the new claims are different from the telephone calls that gave rise to the claims in the original complaint, they do not relate back under Rule 15(c)(1)(B). *Accord Victori v. Accelerated Bureau of Collections of Ohio, Inc.*, 96-CV-0263E(SC), 1997 WL 9788, at *2 (W.D.N.Y. Jan. 2, 1997).

---

[1] The theory of liability against NCA in the original complaint was vicarious liability on the theory that Rosenthal, Stein and Williams were acting as NCA's agents in making the telephone calls.

The plaintiff's attempt to take advantage of equitable tolling also falls short. "Equitable tolling applies only in the rare and exceptional circumstance," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citing *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir.), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999))(internal quotation marks omitted), and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff," *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). In the Second Circuit, the doctrine will be applied "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights," *Pearl v. City of Long Beach,* 296 F.3d 76, 85 (2d Cir. 2004) (internal quotations omitted), which means "a situation where a plaintiff 'could show that it would have been *impossible* for a reasonably prudent person to learn' about his or her cause of action." *Id.* (quoting *Miller v. Int'l Telephone & Telegraph Corp.,* 755 F.2d 20, 24 (2d Cir.1985) (emphasis in original)); *see Little v. Arab Bank, PLC*, 507 F. Supp. 2d 267, 276 (E.D.N.Y. 2007).

Where fraudulent concealment is offered as the basis for equitable tolling, as the plaintiff does here, the plaintiff is required to establish that

> (1) the defendant wrongfully concealed material facts relating to its wrongdoing; (2) the concealment prevented plaintiffs' discovery of the nature of the claim within the limitations period; and (3) the plaintiffs exercised due diligence in pursuing the discovery of the claim during the period they seek to have tolled.

*Little*, 507 F. Supp. at 276, citing *Corcoran v. New York Power Auth.,* 202 F.3d 530, 543 (2d Cir. 1999) and *State of N.Y. v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988). The facts that establish each of these three elements must be pleaded with particularity. *E.g., In re*

*Merrill Lynch Ltd. Partnerships Litig.*, 7 F. Supp. 2d 256, 274 (S.D.N.Y. 1997) *aff'd*, 154 F.3d 56 (2d Cir. 1998).

The plaintiff has pleaded no facts to establish any of these elements. The plaintiff contends that the letters violated the FDCPA in a number of ways, but offers no facts to suggest that the defendants sought to conceal those violations or the existence of a cause of action for those violations from the plaintiff. Nor has the plaintiff pleaded any facts that he conducted any efforts whatsoever to discover whether the letters violated the FDCPA. These failures deprive him of any basis for taking advantage of the doctrine of equitable tolling.

### B. The Statute of Limitations Bars the Claims Asserted Under the General Obligations Law

The plaintiff's claims under the New York General Obligations Law rest on the allegation that the defendants sought to collect usurious interest. Section 215 of the New York Civil Practice Law and Rules prescribes a one-year limitations period for "[a]n action to recover any overcharge of interest or to enforce a penalty for such overcharge." N.Y. C.P.L.R. § 215(6). The applicable subsection of section 215 has been construed to apply, unambiguously, to any "monetary charge in excess of the proper, legal or agreed rate or amount." *Siradas v. Chase Lincoln First Bank, N.A.*, No. 98 CIV. 4028, 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999) (quoting *Rubin v. City Nat'l Bank and Trust Co.,* 131 A.D.2d 150, 152 (3d Dep't 1987). There is no dispute that the first effort to bring these claims occurred well over a year after the letters on which they are based were sent. The only argument offered by the plaintiff in opposition is that the limitations period for these claims was

equitably tolled. He offers no factual or legal support for the argument, however, and the allegations of the complaint contain none. The claims are therefore time-barred.[2]

### C. The Plaintiff Fails to State a Claim Under Section 349 of the New York General Business Law

Section 349 of the New York General Business Law provides a private right of action for persons injured by deceptive acts or practices "in the conduct of any business, trade or commerce" in the state. N.Y. Gen. Bus. Law § 349(a), (h). To adequately state a claim under section 349 of the, "a plaintiff must allege: (1) the act or practice was consumer oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Woods v. Sieger, Ross & Aguire, LLC*, No. 11 CIV. 5698 JFK, 2012 WL 1811628, at *6 (S.D.N.Y. May 18, 2012) *(quoting Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir. 2009).

The plaintiff's claim under section 349 of the New York General Business Law rests on the allegation NCA's acts in attempting to collect the debts identified in their January 2011 letter were deceptive because NCA was seeking to collect a debt that it did not own and that was usurious. The plaintiff fails, however, to allege any injury that he suffered. He did not pay any of the debts in response to NCA's letters, nor does he allege any monetary or other injury that he suffered. Although he makes reference in his ad damnum clauses for the claim that he seeks an award of actual damages, there is no allegation in the complaint

---

[2] Because the plaintiff's General Obligations Law claims are time-barred, the court need not address the defendants' other meritorious argument that the plaintiff has failed to state a claim that the defendants were attempting to collect loans with usurious interest rates. The proposed amended complaint contains no allegation concerning the interest rate that was being charged, or how much interest was being collected. The complaint simply makes the unsupported, conclusory allegation that the loan was usurious.

concerning any injury that would give rise to any actual damages. Accordingly, the proposed amended complaint fails adequately to state a claim for a violation of section 349.

## II. THE CLAIMS AGAINST THE NEW INDIVIDUAL DEFENDANTS

The plaintiff seeks to add three individuals as defendants on all of the claims in the proposed amended complaint, including the claims that were pleaded in the original Complaint. As determined above, the claims asserted under the FDCPA and the New York General Obligations Law with respect to the January 2011 letters sent by NCA are all time-barred, and the claims under section 249 of the General Business Law with respect to those letters fail to meet the pleading requirements for stating such claims. Thus, the only claims against the individuals the plaintiff seeks to add that have not been addressed above are the FDCPA claims related to the telephone calls made by the defendant Rosenthal, Stein that were pleaded in the original complaint, and which are denominated as the First Cause of Action in the proposed amended complaint. Any effort to attach liability to the new individual defendants on these claims, however, is also time-barred.

The telephone calls on which the claims in the First Cause of Action are based are alleged to have occurred in the time period from December 2010 up to April 9, 2011. Thus, the last telephone call occurred more than one year prior to May 29, 2012 when the plaintiff took his first step to amend the complaint, and any claim under the FDCPA related to that telephone call is therefore barred unless the plaintiff can successfully argue that the claims against the new individuals relate back to the filing of the initial complaint. He cannot do so.

The relation-back principles in Rule 15 with respect to newly added parties are different from those that apply to newly added claims. As to any newly added parties, the amended pleading relates back to the date of the original pleading only if the party to be brought in by the amendment

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). As the Second Circuit has made clear, lack of knowledge of the identity of a party is not a mistake that satisfies Rule 15. *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996). The naming of "John Doe" defendants, as the plaintiff did here in his initial complaint, does not serve to permit relation back. Rather, the kind of mistake to which Rule 15 refers is one where the plaintiff has named the wrong party through misnomer or misidentification *Id.* at 469.

There is no contention here that there was any mistake in naming the additional parties. Indeed, the proposed amended complaint itself expressly states that each of the new individual defendants were named as John Does in the original complaint, confirming that it was simply a lack of knowledge that prevented them from being identified by name originally. Proposed Amended Complaint ¶¶ 18, 20, 22. Accordingly, the plaintiff cannot take advantage of relation back under Rule 15 and the FDCPA claims against the new individual defendants based on the alleged improper telephone calls are time-barred.[3]

---

[3] As all of the claims against the proposed new individual defendants are either time-barred or fail to state a claim, the court does not address the other pleading deficiencies in the proposed amended complaint with respect to the new individual defendants, in particular the failure to plead

**III.      LEAVE TO REPLEAD**

At oral argument, the plaintiff sought leave to replead his proposed amended complaint.  Ordinarily, a plaintiff is granted at least one opportunity to replead claims if a defect in the claim can be cured.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Slamna v. API Rest. Corp.*, No. 12 CIV. 757 RWS, 2012 WL 2979067, at *6 (S.D.N.Y. July 20, 2012).  As to the claims that are time-barred, repleading would be pointless.  As to the claims under the General Business Law, which are not time-barred, however, the plaintiff is granted an opportunity to make another motion to amend the complaint.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to amend the complaint is denied because all of the claims the plaintiff seeks to add are futile.  The plaintiff is permitted, however, to make a further motion to amend with respect to the claims under section 349 of the General Business Law which are not time-barred, provided the motion is made within 20 days.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
           August 29, 2012

---

specific conduct by them to demonstrate their personal involvement in any conduct that would give rise to personal liability.  Although the court has not done a searching analysis of the proposed amended complaint on this point, the allegations concerning the new individuals appear to be broad, conclusory statements without any supporting detail to make the claims against them plausible.  *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).